UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA FAIR HOUSING ACTION CENTER INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-2339** |
| **PLANTATION MANAGEMENT COMPANY LLC et al.** | **SECTION: "G"(3)** |

### ORDER AND REASONS

In this litigation, Plaintiff Louisiana Fair Housing Action Center ("Plaintiff") alleges that several assisted living facilities and nursing homes in Southeast Louisiana have engaged in discriminatory practices against individuals who are deaf in violation of the Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act, the Patient Protection and Affordable Care Act, and Louisiana law.[1] Before the Court is Defendants CommCare Corporation and CommCare Management Corporation's (collectively, "Movants") Motion to Dismiss or, Alternatively, Motion for More Definite Statement.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On August 23, 2020, Plaintiff filed a Complaint in this Court against Movants, Lucy Garner, William Garner, Jeremy Goux, Timothy Goux, Ronald A Goux, Highpoint Healthcare LLC, Metairie Operations, LLC, Notre Dame Health System, Plantation Management Co., L.L.C.,

---

[1] Rec. Docs. 43, 70.

[2] Rec. Doc. 53.

1

St. Jude Management #2, L.L.C., Lawrence Stansberry, and Medico, LLC.[3] In the Second Amended Complaint, Plaintiff alleges that Movants own or operate Greenbriar Community Care Center ("Greenbriar"), a nursing and long-term care facility in Slidell, Louisiana.[4] Plaintiff avers that during the course of a years-long investigation into nursing homes and assisted living facilities in Southeastern Louisiana, Plaintiff discovered that employees of Greenbriar discriminated against deaf residents of the facility.[5] Specifically, Plaintiff asserts that staff at Greenbriar "refused to provide in-person or [video remote interpreting ("VRI")]-assisted ASL interpretation."[6] Plaintiff alleges that CommCare Corporation is Greenbriar's "owner, operator, or managing entity" and that CommCare Management Corporation is an "operator or managing entity" of Greenbriar.[7]

Plaintiff is a nonprofit fair housing advocacy organization that investigates alleged or suspected discriminatory housing practices and litigates enforcement actions.[8] Plaintiff sends testers to simulate housing transactions and evaluate a provider's treatment of prospective tenants to determine if the provider is engaging in discriminatory housing practices.[9] Plaintiff states that upon learning of possible discrimination in area nursing homes and assisted living facilities, it launched an investigation and testing process which initially included sixty such homes and

---

[3] Rec. Doc. 1.

[4] Rec. Doc. 70 at 5.

[5] *Id.* at 12.

[6] *Id.*

[7] *Id.* at 5.

[8] *Id.* at 3.

[9] *Id.*

facilities.[10] As part of this investigation, Plaintiff explains that its testers contacted housing providers and made inquiries on behalf of a fictitious prospective deaf resident.[11]

During "Phase 1" of that investigation, Plaintiff avers that one of its testers contacted Greenbriar.[12] According to Plaintiff, the tester spoke to a person identified as "Jackie."[13] Plaintiff continues that Jackie informed the tester that Greenbriar could not provide services to a person who uses ASL as their first language.[14]

Plaintiff conducted further investigation in August 2018, referred to as "Phase 2."[15] Plaintiff asserts that during Phase 2, one of its testers again contacted Greenbriar and spoke to "Alysa, who identified herself as the Admissions Coordinator."[16] When the tester asked about the availability of VRI, Plaintiff asserts Alysa stated that Greenbriar did not offer that service, and that "she would need to check with an administrator to see" if Greenbriar "would be interested in" offering that service.[17] Plaintiff alleges that Alysa said she would call back, but no one called.[18] According to Plaintiff, the tester called back one week later and spoke with "Denise, who identified herself as 'the administrator.'"[19] Plaintiff avers that Denise said she would need to "do some

---

[10] *Id.* at 10.

[11] *Id.*

[12] *Id.* at 18.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 19.

research" to "see if [VRI] is something [Greenbriar]" could provide.[20] About a week and a half later, Plaintiff asserts that the tester again spoke with Denise who stated that Greenbriar would be unable to implement VRI.[21]

Plaintiff brings five claims against Movants: (1) violations of the Fair Housing Act ("FHA"),[22] (2) violations of the Rehabilitation Act,[23] (3) violations of the Patient Protection and Affordable Care Act ("ACA"),[24] (4) violations of the Americans with Disabilities Act ("ADA"),[25] and (5) negligent supervision and training claims under Louisiana law.[26] Plaintiff seeks a declaratory judgment, injunctive relief, compensatory and punitive damages, and attorney's fees.[27]

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 26.

[23] *Id.* at 28.

[24] *Id.* at 29.

[25] *Id.* at 30–31.

[26] *Id.* at 31.

[27] *Id.* at 32–33. On June 1, 2021, Plaintiff moved for leave to file a Second Amended Complaint, which this Court granted. Rec. Docs. 68, 69. In moving for leave to file the Second Amended Complaint, Plaintiff explained that the proposed amendments did not affect the allegations against Movants. Rec. Doc. 68 at 1. Additionally, Plaintiff stipulated, "to the extent permissible under the Federal Rules of Civil Procedure and governing precedent, that the proposed amended pleading does not affect or moot the pending motion[] to dismiss" and that the arguments in that motion and in opposition "apply equally to the . . . Second Amended Complaint." *Id.* at 2. Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending. 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*. However, courts may address the merits of a motion to dismiss even after an amended complaint is filed "if applying the pending motion to the amended complaint would [not] cause confusion or detract from the efficient resolution of the issues." *See id.* Here, Plaintiff stipulated that its allegations against Movants were not altered and that the instant motion to dismiss would "apply equally to the . . . Second Amended Complaint." Rec. Doc. 68 at 2. Therefore, the Court finds that applying Movants' motion to the Second Amended Complaint would not cause confusion and would result in efficient resolution of the issues.

## II. Parties' Arguments

### A.   *Movants' Arguments in Support of the Motion*

Movants seek dismissal of Plaintiff's allegations against them, arguing that Plaintiff "fails to assert any . . . proper claims against [Movants]."[28] Movants assert that the Second Amended Complaint does not "state any causes of action against [Movants] or demonstrate how they are liable for any wrong doing."[29] Movants aver that "Plaintiff's claims are not alleged in a manner which would allow [them] to prepare an Answer."[30] Specifically, Movants contend that although the Second Amended Complaint alleges that Greenbriar engaged in discriminatory practices, it fails to establish how Movants are responsible for those acts.[31] Movants aver that Greenbriar is a distinct juridical person, and Movants assert that the allegations against Greenbriar do not require a response because Plaintiff has failed to adequately describe a relationship between Greenbriar and Movants.[32] Consequently, Movants assert that Plaintiff has failed to link its alleged injury to any act by Movants.[33] Movants conclude that Plaintiff's allegations "are so vague that they do not place [Movants] on sufficient notice of the nature" of the claims against them.[34]

---

[28] Rec. Doc. 53-1 at 2.

[29] *Id.* at 3.

[30] *Id.*

[31] *Id.* at 5. Movants also assert that "[a]lthough Plaintiff alleges that jurisdiction arises from federal question jurisdiction, [Plaintiff] failed to indicate the citizenship or residence of [Movants]." *Id.* Federal question jurisdiction does not require diversity of the parties. *See* 28 U.S.C. § 1331. To the extent that Movants are attempting to argue that the Court lacks subject matter jurisdiction over Plaintiff's state law claim, that argument is unavailing. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

[32] Rec. Doc. 53-1 at 6.

[33] *Id.* at 8.

[34] *Id.*

Alternatively, Movants argue that Plaintiff "should be required to file a more definite statement" under Federal Rule of Civil Procedure 12(e).[35] Movants assert that, absent clarification of the claims against them, they are unable to investigate the claims and respond to Plaintiff's Second Amended Complaint.[36]

## B. *Plaintiff's Arguments in Opposition to Movants' Motion*

In opposition, Plaintiff argues that the Second Amended Complaint adequately "sets forth allegations to establish [Movants'] liability for the violations of law alleged to have occurred at Greenbriar."[37] Plaintiff explains that the Second Amended Complaint includes allegations that (1) Movants "are 'owners, operators, or managing entities' of the facility at which the violations occurred" and (2) "that the employees committing discriminatory acts at Greenbriar were acting as agents on [Movants'] behalf."[38] Plaintiff insists that those allegations are sufficient to establish Movants' liability for violations of the FHA, Rehabilitation Act, ADA, ACA, and Louisiana law.[39] More specifically, Plaintiff asserts that Movants are liable for the actions of their agents under the doctrine of *respondeat superior* for all claims alleged in the Second Amended Complaint.[40] Plaintiff argues that the Second Amended Complaint provides a "detailed and thorough account (including verbatim quotations) of the interactions between its testers and [Movants'] agents giving rise to the claims set forth."[41] Plaintiff concludes that there is no basis for dismissing the

---

[35] Rec. Doc. 53-1 at 2.

[36] *Id.* at 10.

[37] Rec. Doc. 60 at 3.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 3–4.

[41] *Id.* at 5.

Second Amended Complaint nor for requiring a more definite statement under Federal Rule of Civil Procedure 12(e).[42]

C.     *Movants' Arguments in Further Support of the Motion*

In reply, Movants maintain that Plaintiff has failed to make any claims against them for which relief can be granted.[43] First, Movants assert that because Plaintiff's allegation that Movants violated Louisiana law does not make reference to any specific statutory authority, Plaintiff has failed to state a claim against Movants under Louisiana law.[44] Second, Movants contend that Plaintiff is not an "aggrieved person" under the FHA, ADA, ACA, Rehabilitation Act, or Louisiana law, and Movants assert that Plaintiff therefore lacks standing to bring this action.[45] Movants acknowledge that, in some circumstances, "testers" can have standing under the relevant statutes, but Movants note that none of the testers mentioned in the Second Amended Complaint are parties to this action.[46] Moreover, Movants argue that Plaintiff has failed to adequately plead any "injury in fact" because the allegations in the Second Amended Complaint "fall short" of showing "an expenditure of resources on organization activities independent of the lawsuit."[47]

Next, Movants argue that Plaintiff's allegations would inappropriately hold owners and operators of nursing homes to the same standards as managing entities.[48] Movants contend that the

---

[42] *Id.*

[43] Rec. Doc. 67 at 1–2.

[44] *Id.* at 2.

[45] *Id.*

[46] *Id.* at 3.

[47] *Id.*

[48] *Id.* at 3–4.

law holds owners and operates to different standards than managing entities.[49] Movants aver that under the FHA, ADA, ACA, and Rehabilitation Act, the nursing home itself is liable for any discrimination on its premises.[50] Movants further argue that because a nursing home "cannot delegate its responsibility for complying with the laws," it is inappropriate to "lump together" Movant CommCare Corporation, doing business as Greenbriar Community Care Center, with Movant CommCare Management Corporation.[51] Movants assert that Plaintiff's allegations therefore fail to state a claim against either Movant.[52] Movants emphasize that CommCare Management Corporation neither receives federal financial assistance nor provides health care programs or activities.[53] Movants assert that CommCare Management Corporation should be dismissed from this action because it "is not a nursing home/assisted living provider of services" and because it merely followed the admissions and accommodations policies set by the nursing home.[54]

Finally, Movants assert that the cases Plaintiff cited in the Second Amended Complaint are inapposite to this case because they address liability only as a function of *respondeat superior* rather than addressing "an independent cause of action against an employee or agent."[55]

---

[49] *Id.*

[50] *Id.* at 4.

[51] *Id.* at 5.

[52] *Id.*

[53] *Id.* at 7.

[54] *Id.*

[55] *Id.* at 8.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[56] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[57] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[58] "Factual allegations must be enough to raise a right to relief above the speculative level."[59] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[60]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[61] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[62] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[63] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[64] The complaint need not contain detailed factual allegations, but it

---

[56] Fed. R. Civ. P. 12(b)(6).

[57] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[58] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[59] *Twombly*, 550 U.S. at 556.

[60] *Id.* at 570.

[61] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322–23 (2007).

[62] *Iqbal*, 556 U.S. at 677–78.

[63] *Id.* at 679.

[64] *Id.* at 678.

must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[65] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[66] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[67] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[68]

## IV. Analysis

Movants argue that the Second Amended Complaint fails to state a claim against them because it "[does] not state how [Movants] allegedly committed any violations of any laws."[69] In their reply brief, Movants also assert that Plaintiff lacks standing.[70] Plaintiff opposes, insisting that Movants' alleged status as an owner, operator, or managing entity of a qualifying facility at which housing discrimination occurred is sufficient, standing alone, to state a claim against Movants.[71]

---

[65] *Id.*

[66] *Id.*

[67] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[68] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[69] Rec. Doc. 53 at 5.

[70] Rec. Doc. 67.

[71] Rec. Doc. 57.

### A. Whether Plaintiff Has Standing

As an initial matter, Movants raise their arguments about standing for the first time in their reply brief.[72] "Reply briefs cannot be used to raise new arguments."[73] Nevertheless, standing implicates the Court's jurisdiction and must be addressed before determining whether Plaintiff has adequately stated claims against Movants.[74] Therefore, the Court will consider whether Plaintiff has standing.

A plaintiff, whether an individual or an organization,[75] must meet three requirements to have standing under Article III: (1) the plaintiff has suffered an "injury in fact" which is both "concrete and particularized" and "actual or imminent," (2) there is a causal connection between the injury and the conduct complained of," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[76] In other words, "[a] plaintiff must have suffered 'a distinct and palpable injury to himself . . . that is likely to be redressed if the requested relief is granted."[77] Finally, "a plaintiff may state a cause of action only when the interests in the litigation fall within the zone of interests protected by the law invoked."[78] When a plaintiff is in an organization, it can establish the "injury in fact" requirement by alleging

---

[72] *Compare* Rec. Doc. 67 *with* Rec. Doc. 53-1.

[73] *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016). *See also Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).

[74] *See Steel Co. v. Citzens for a Better Env't*, 523 U.S. 83, 93–102; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[75] *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010).

[76] *Tenth Street St. Residential Ass'n v. City of DallasDall.*, 968 F.3d 492, 499 (5th Cir. 2020).

[77] *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) (internal citations omitted).

[78] *Id.* (quoting *Bank of Am. Corp. v. City of Miami*, ___ U.S. ____, 137 S. Ct. 1296, 1303 (2017) (internal punctuation omitted)).

11

that its "ability to pursue its mission is 'perceptibly impaired' because it has 'diverted significant resources to counteract the defendant's conduct.'"[79]

Here, the Court finds that Plaintiff's allegations are sufficient to establish standing. First, Plaintiff has alleged that it initiated testing of nursing homes and assisted living centers after learning that "housing discrimination against deaf individuals in [such facilities] . . . may be occurring in Louisiana."[80] Plaintiff further alleged that in order to "identify[] and counteract[] the effects of [Movants'] discrimination," it diverted significant resources from its other organizational programs and activities.[81] Plaintiff specifically identified several other planned organizational activities from which it diverted resources in order to counteract Movants' alleged discriminatory practices, including "fair housing landlord trainings, [Plaintiff's] annual fair housing conference, Fair Housing Month events and event planning, fundraising campaigns, promotional work regarding [Plaintiff's] 'Fair Housing Five' children's book, and other projects and activities."[82] Plaintiff alleged that Movants' actions have impeded its efforts to pursue its mission of ensuring equal housing opportunity in Louisiana.

Accepting Plaintiff's allegations as true, as the Court must at this stage, the Court finds that Plaintiff's allegations establish an injury in fact. That injury is fairly attributable to Movants' alleged discriminatory practices because Plaintiff undertook the testing which required diversion of critical resources only after Plaintiff learned that such discrimination may be occurring at Louisiana nursing homes and assisted living facilities. To address this injury, Plaintiff requests

---

[79] *Id.* at 500. (citing *N.A.A.C.P. v. City of Kyle*, 626 F.3d 233, 238 (5th Cir. 2010)).

[80] Rec. Doc. 70 at 10.

[81] *Id.* at 25.

[82] *Id.* at 26.

declaratory and injunctive relief, as well as compensatory and punitive damages. Those remedies, if granted, are likely to redress Plaintiff's injury.[83] Additionally, the FHA, ADA, ACA, and Rehabiltation Act all afford protections to individuals facing disability discrimination. Therefore, Plaintiff's injury falls within the "zone of interests" of these statutes.[84] Thus, the Court finds that Plaintiff has standing to bring this action.

B.     *Whether Plaintiff Has Stated a Claim Under the FHA*

The FHA's broad ban on disability discrimination in housing extends to any "refusal to make reasonable accommodations . . . [which] may be necessary to afford [a] protected person equal opportunity to enjoy a dwelling."[85] A "dwelling" is "any building . . . which is occupied as . . . a residence."[86] Traditional theories of tort liability, including a principal's liability for wrongful acts of his agents, apply to violations of the FHA.[87] Here, the Court finds that the Second Amended Complaint adequately states a claim against Movants under the FHA. Plaintiff alleges that Greenbriar is a dwelling as defined by the FHA.[88] Plaintiff avers that Movant CommCare Corporation is an owner, operator, or managing entity of Greenbriar,[89] and that Movant CommCare Management Corporation is an operator or managing entity of Greenbriar.[90] Plaintiff

---

[83] *See Gladstone Realtors*, 441 U.S. at 100.

[84] *Id*. (quoting *Bank of Am. Corp.*, 137 S. Ct. at 1303).

[85] *Id.* § 3604(f)(3)(B).

[86] *Id.* § 3602(b).

[87] *Meyer*, 537 U.S. at 282, 286.

[88] Rec. Doc. 70 at 5.

[89] *Id.*

[90] *Id.*

13

alleges that Greenbriar provides residential care[91] and that employees at Greenbriar refused to make reasonable accommodations for prospective deaf residents.[92] Plaintiff further alleges that those employees acted as Movants' agents in so refusing.[93] These allegations sufficiently state a claim upon which relief may be granted. Therefore, the Court denies the Motion as to Plaintiff's FHA claim.

C.    *Whether Plaintiff Has Stated a Claim Under the Rehabilitation Act or the ACA*

The Rehabilitation Act protects individuals from discrimination in the administration of federal programs on the basis of disability: "No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, . . . be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."[94] To state a claim under the Rehabilitation Act, a plaintiff must allege that (1) they have a qualifying disability, (2) they are otherwise qualified for participation in the program, (3) they are being denied the benefits of the program solely by reason of their disability, and (4) the program receives federal financial assistance.[95] The statute expressly lists deafness as a disability.[96]

---

[91] *Id.*

[92] *Id.* at 18–20.

[93] *Id.* at 12.

[94] 29 U.S.C. § 794(a). In their reply brief, Movants argue that Defendant "CommCare Management Corporation is not a public accommodation under the law . . . [and] does not receive federal financial assistance." Rec. Doc. 67 at 7. This argument is improperly raised for the first time in reply. Therefore, the Court will not consider it.

[95] *See Spann ex rel. Hopkins v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 764 (S.D. Miss. 2008).

[96] 29 U.S.C. § 705(21).

Additionally, the ACA provides that "an individual shall not, on the ground prohibited under . . . [the Rehabilitation Act], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance."[97] The Fifth Circuit has explained that "[f]or disability-discrimination claims, the ACA incorporates the substantive analytical framework of the [Rehabilitation Act]."[98] Accordingly, because the standards are the same, the Court analyzes these claims together.

Here, the Court finds that Plaintiff has stated a claim under the Rehabilitation Act and the ACA. In the Second Amended Complaint, Plaintiff alleges that its testers requested accommodations for prospective deaf residents who are otherwise qualified to reside at Greenbriar.[99] Plaintiff also alleges that Greenbriar "received substantial Federal financial assistance."[100] According to Plaintiff, Greenbriar employees failed to provide benefits to the prospective residents on the basis of a qualifying disability.[101] Specifically, Plaintiff alleges that Movants' "ongoing policy or practice . . . to deny the use of qualified ASL interpreters via VRI" deprives prospective deaf residents of "meaningful access to the services, programs, and benefits the [Movants] offer to other individuals."[102] These allegations meet the requirements for disability discrimination under both the Rehabilitation Act and ACA. Therefore, the Court denies the Motion as to these claims.

---

[97] 42 U.S.C. § 18116(a) (citing 29 U.S.C. § 794).

[98] *Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 378 (5th Cir. 2021).

[99] Rec. Doc. 70 at 18–20.

[100] *Id.* at 9.

[101] *Id.* at 28–29.

[102] *Id.* at 28.

### D.     *Whether Plaintiff Has Stated a Claim Under the ADA*

Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."[103] Pursuant to that purpose, the ADA prohibits discrimination against individuals with disabilities by those who own, lease, or operate places of public accommodation.[104] Public accommodations include the "professional office[s] of a healthcare provider, hospital[s], or other service establishment[s]."[105] The ADA defines "discrimination" to include denying individuals or entities "equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities . . . because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."[106] Thus, "[t]he question of whether a person is a proper defendant under the ADA turns . . . on whether . . . the defendant owns, leases, or operates a place of public accommodation."[107] Although courts are more often asked to determine if a particular defendant *operated* a place of public accommodation,[108] defendants who own or lease public accommodations may also be held liable for discrimination.[109] Further, the United States Court of Appeals for the Fifth Circuit has explained that a defendant may be held vicariously liable for the actions of its agents in ADA discrimination cases.[110]

---

[103] 42 U.S.C. § 12101(b).

[104] *Id.* § 12182.

[105] *Id.* § 12181(7)(F).

[106] *Id.* § 12181(b)(1)(E).

[107] *Coddington*, 45 F. Supp. 2d at 215.

[108] *See id.*

[109] *See Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1069 (5th Cir. 1995).

[110] *Rodriguez v. Baird's Bakery, Inc.*, 111 F.3d 893 (5th Cir. 1997).

Under these standards, the Court finds that Plaintiff's factual allegations are sufficient to state a claim for relief under the ADA. Plaintiff alleges that Movants own, operate, or manage Greenbriar, which Plaintiff alleges is a place of public accommodation.[111] Plaintiff also alleges that employees at Greenbriar engaged in discriminatory behavior by refusing to offer adequate interpretive services to prospective residents on the basis of a known disability.[112] Finally, Plaintiff asserts that the employees acted as agents of Greenbriar's owners when they refused those services.[113]

As explained above, detailed factual allegations are not required to state a claim for relief. Instead, a complaint must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [liability]."[114] Here, the allegations in the Second Amended Complaint place Movants on notice of the claims against them so that additional facts of ownership can be developed during discovery. Therefore, the Court denies the Motion as to Plaintiff's ADA claims.

### E. Whether Plaintiff Has Stated a Claim Under Louisiana Law

Under Louisiana law, "[n]egligent hiring and supervision is recognized as a cognizable tort."[115] The tort is governed by Louisiana Civil Code article 2315 and "[t]he standard duty-risk analysis used in all negligence cases."[116] This requires a court to "decide that there was a duty, a breach of the duty, the substandard conduct was a substantial factor or the cause-in-fact of the

---

[111] Rec. Doc. 70 at 5, 30.

[112] *Id.* at 19–20, 29.

[113] *Id.* at 12

[114] *Twombly*, 550 U.S. at 556.

[115] *Matthews v. United Fire & Cas. Ins. Co.*, 2016-0389, p. 5 (La. App. 4 Cir. 3/8/17); 213 So. 3d 502, 506.

[116] *Harrington v. La. State Bd. of Elementary & Secondary Educ.*, 97-1670, p. 8 (La. App. 4 Cir. 5/20/98); 714 So. 2d 845, 850.

harm, and the substandard conduct is the legal cause."[117] Here, Plaintiff has alleged that Movants are owners, managing entities, or operators of Greenbriar,[118] and that Movants had a duty to "afford handicapped persons equal opportunity" to enjoy and use their dwelling.[119] Plaintiff asserts that Movants breached that duty by failing to provide interpretive services, like VRI,[120] and that breach proximately caused injury to Plaintiff by requiring it to divert resources to investigate the alleged discrimination.[121] These factual allegations, accepted as true for purposes of this Motion to Dismiss, satisfy the requirements of the standard duty-risk analysis used to evaluate negligent supervision claims in Louisiana, and therefore, dismissal is inappropriate at this juncture. Accordingly, Movants' Motion is denied as to the Louisiana law allegations.

### F. *Motion for More Definite Statement Under Fed. R. Civ. P. 12(e)*

Finally, Movants request, in the alternative, for the Court to order a more definite statement, arguing that the Second Amended Complaint "is so vague or ambiguous that [Movants] cannot reasonably prepare a response."[122] Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[123] A district court has wide discretion as to whether to order a more definite statement under Rule 12(e).[124]

---

[117] *Id.*

[118] Rec. Doc. 70 at 5.

[119] *Id.* at 10.

[120] *Id.* at 18–20.

[121] *Id.* at 25–26.

[122] Rec. Doc. 53-1 at 9 (citing Fed. R. Civ. P. 12(e)).

[123] Fed. R. Civ. P. 8.

[124] *Old Time Enters., Inc. v. Int'l Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir. 1989); *see also In re McWilliams*, 22 F.3d 1095 (5th Cir. 1994).

The Court finds that Plaintiff's Second Amended Complaint is sufficient to allow Defendants to reasonably prepare a response. In the Second Amended Complaint, Plaintiff alleges that Movants discriminated against prospective deaf residents by refusing to provide interpretative services.[125] Specifically, Plaintiff asserts that Movants are owners or operators of Greenbriar.[126] Plaintiff provides detailed information regarding the testing process, including verbatim quotations from the interactions with Greenbriar staff, setting forth the basis for its allegations of discriminatory practices.[127] Plaintiff also includes allegations that the employees at Greenbriar "were agents acting on behalf of the owners, operators, and managing entit[y]."[128] On that basis, Plaintiff alleges that Movants violated the FHA, ADA, ACA, Rehabilitation Act, and Louisiana law.[129] In other words, the Second Amended Complaint provides a short, plain statement of facts sufficient to put Movants on notice of the claims against them. Therefore, the Court finds that Plaintiff's complaint is not so "vague or ambiguous that the party cannot reasonably prepare a response."[130] Accordingly, the Court denies Movant's request for a more definite statement.

## V. Conclusion

Accordingly, for the reasons discussed above,

---

[125] *See* Rec. Doc. 70 at 7–24.

[126] *Id.* at 5.

[127] *Id.* at 18-20.

[128] *Id.* at 12.

[129] *Id.* at 26-31.

[130] Fed. R. Civ. P. 12(e).

**IT IS HEREBY ORDERED** that Defendants CommCare Corporation and CommCare Management Corporation's Motion to Dismiss or, Alternatively, Motion for More Definite Statement[131] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __1st__ day of March, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[131] Rec. Doc. 53.