**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA FAIR HOUSING ACTION CENTER, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2339** |
| **PLANTATION MANAGEMENT CO. et al.** | **SECTION: "G"** |

## <u>ORDER</u>

Before the Court is Plaintiff Louisiana Fair Housing Action Center, Inc. ("Plaintiff") and

Defendants St. Jude Management #2, L.L.C., and Lawrence Stansberry's (collectively "Moving

Defendants") "Joint Motion to So-Order the Settlement Agreement."[1] In the motion, Plaintiff and

Moving Defendants (collectively, "Moving Parties") ask the Court to approve the Settlement

Agreement[2] between them.[3] In the Settlement Agreement, Moving Defendants agree to pay

Plaintiff $80,000, of which $32,000 would go to Plaintiff's counsel.[4] Moving Defendants also

agree to not discriminate on the basis of disability in the admission of residents to their facility and

to implement specific changes to its policies, procedures, operations in furtherance of the

agreement.[5] Finally, Moving Defendants agree to implement the Fair Housing Act and educational

training at their facility and to maintain certain records throughout the course of the Settlement

---

[1] Rec. Doc. 119.

[2] Rec. Doc. 118.

[3] *See* Rec. Doc. 119.

[4] *See* Rec. Doc. 118 at 3.

[5] *See id.* at 4–5.

Agreement.[6] In return, Plaintiff agrees to dismiss with prejudice all claims against Moving Defendants.[7]

A district court has inherent power to recognize settlement agreements.[8] In the Second Amended Complaint, Plaintiff seeks declaratory and injunctive relief for Moving Defendants' violations of the Fair Housing Act, Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, and Americans with Disabilities Act, and for negligent supervision and training under Louisiana laws, in operating an assisted living and nursing facility.[9] Therefore, the Court finds that the Settlement Agreement "serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "com[es] within the general scope of the case made by the pleadings."[10] Furthermore, the Settlement Agreement is fair, adequate, reasonable, and consistent with the public interest.[11] Accordingly,

**IT IS HEREBY ORDERED** that the motion[12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants St. Jude Management #2, L.L.C., and Lawrence Stansberry be and are hereby dismissed without costs and without prejudice to the right, upon good cause shown within sixty days, to reopen the claims if settlement is not consummated. The Court retains jurisdiction to enforce the compromise agreed

---

[6] *See id.* at 6–8.

[7] *See* Rec. Doc. 118 at 8.

[8] *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994).

[9] *See* Rec. Doc. 70.

[10] *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation and internal quotation marks omitted).

[11] *See Metro. Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980).

[12] Rec. Doc. 119.

upon by the parties.

**IT IS FURTHER ORDERED** that the Moving Parties shall file an appropriate order of dismissal as soon as the settlement documents are executed.  If no motion to reopen Plaintiff's claims against Moving Defendants is filed, Plaintiff's claims against Moving Defendants are closed, and the Clerk of Court shall be relieved of responsibility of sending out further notices regarding Plaintiff's claims against Moving Defendants.

**NEW ORLEANS, LOUISIANA**, this __24th__ day of August, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**