UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA FAIR HOUSING ACTION CENTER, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2339** |
| **PLANTATION MANAGEMENT CO. et al.** | **SECTION: "G"** |

## ORDER

    Before the Court is Plaintiff Louisiana Fair Housing Action Center, Inc. ("Plaintiff") and Defendants Commcare Corp. and Commcare Management Corp.'s (collectively "Moving Defendants") "Joint Motion to So-Order the Settlement Agreement."[1] In the motion, Plaintiff and Moving Defendants (collectively, "Moving Parties") ask the Court to approve the Settlement Agreement[2] between them.[3] In the Settlement Agreement, Moving Defendants agree to pay Plaintiff $80,000 in return for full and final settlement of all Plaintiff's claims against them.[4] Moving Defendants also agree to not discriminate on the basis of disability in the admission of residents to their facility.[5] Additionally, Moving Defendants agree to implement a policy barring discrimination based on deafness in their facility and a policy requiring that their facility request

---

[1] Rec. Doc. 153.

[2] Rec. Doc. 153-2

[3] *See* Rec. Doc. 153 at 1.

[4] *See* Rec. Doc. 153-2 at 1–2.

[5] *See id.* at 4.

1

reasonable accommodations for auxiliary services for identified deaf or hard of hearing residents.[6] Furthermore, Moving Defendants acknowledge that they have updated their website to comply with anti-discrimination laws.[7] Finally, Moving Defendants agree that their facility will provide fair housing and educational trainings.[8]

A district court has inherent power to recognize settlement agreements.[9] In the Second Amended Complaint, Plaintiff seeks declaratory and injunctive relief for Moving Defendants' violations of the Fair Housing Act, Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, and Americans with Disabilities Act, and for negligent supervision and training under Louisiana laws, in operating an assisted living and nursing facility.[10] Therefore, the Court finds that the Settlement Agreement "serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "com[es] within the general scope of the case made by the pleadings."[11] Furthermore, the Settlement Agreement is fair, adequate, reasonable, and consistent with the public interest.[12] Accordingly,

---

[6] *Id*.

[7] *See id* at 5.

[8] *See id.* at 5–6.

[9] *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994).

[10] *See* Rec. Doc. 70.

[11] *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation and internal quotation marks omitted).

[12] *See Metro. Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980).

**IT IS HEREBY ORDERED** that the Joint Motion to So Order the Settlement Agreement[13] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 8th day of November, 2022.

                                                   **NANNETTE JOLIVETTE BROWN**
                                                 **CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**

---

[13] Rec. Doc. 153.