## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA FAIR HOUSING ACTION CENTER, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2339** |
| **PLANTATION MANAGEMENT CO. et al.** | **SECTION: "G"** |

## ORDER

Before the Court is Plaintiff Louisiana Fair Housing Action Center, Inc. ("Plaintiff") and Defendants Plantation Management, LLC, St. Joseph of Harahan, LLC, Highpoint Healthcare LLC, Medico LLC, Metarie Operations, L.L.C., Jeremy Goux, and Timothy Goux's (collectively "Moving Defendants") "Joint Motion to So-Order the Settlement Agreement."[1] In the motion, Plaintiff and Moving Defendants ask the Court to approve the Settlement Agreement[2] between them.[3] In the Settlement Agreement, Moving Defendants agree to pay Plaintiff $80,000 in return for full and final settlement of all Plaintiff's claims against them.[4] Moving Defendants also agree to pay the cost of mediation, to implement a policy barring discrimination based on deafness in their facilities and to require that their facilities request reasonable accommodations for auxiliary services for identified deaf or hard of hearing residents.[5] Furthermore, Moving Defendants

---

[1] Rec. Doc. 156.

[2] Rec. Doc. 156-2

[3] *See* Rec. Doc. 156 at 1.

[4] *See* Rec. Doc. 156-2 at 3.

[5] *Id*. at 3–5.

1

acknowledge they have updated their websites to comply with anti-discrimination laws.[6] Finally, Moving Defendants agree that their facility will provide fair housing and educational trainings.[7]

A district court has inherent power to recognize settlement agreements.[8] In the Second Amended Complaint, Plaintiff seeks declaratory and injunctive relief for Moving Defendants' violations of the Fair Housing Act, Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, and Americans with Disabilities Act, and for negligent supervision and training under Louisiana laws, in operating an assisted living and nursing facility.[9] Therefore, the Court finds that the Settlement Agreement "serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "com[es] within the general scope of the case made by the pleadings."[10] Furthermore, the Settlement Agreement is fair, adequate, reasonable, and consistent with the public interest.[11] Accordingly,

---

[6] *See id* at 5.

[7] *See id.* at 6–7.

[8] *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994).

[9] *See* Rec. Doc. 70.

[10] *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation and internal quotation marks omitted).

[11] *See Metro. Housing Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980).

**IT IS HEREBY ORDERED** that the Joint Motion to So Order the Settlement Agreement[12] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  30th  day of January, 2023.

NANNETTE JOLIVETTE BROWN
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[12] Rec. Doc. 156.

3